KENNETH H. YOON (State Bar No. 198443)
kyoon@yoonlaw.com
STEPHANIE E. YASUDA (State Bar No. 265480)
syasuda@yoonlaw.com
BRIAN G. LEE (State Bar No. 300990)
blee@yoonlaw.com
**YOON LAW, APC**
One Wilshire Blvd., Suite 2200
Los Angeles, California 90017
Telephone: (213) 612-0988
Facsimile: (213) 947-1211

Attorneys for Plaintiff Kevin Johnson

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JOHNSON, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>WALMART INC.,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1) **BREACH OF CONTRACT**<br>(2) **VIOLATION OF CLRA SECTION 1770(a)(5)**<br>(3) **VIOLATION OF CLRA SECTION 1770(a)(9)**<br>(4) **VIOLATION OF CLRA SECTION 1770(a)(10)**<br>(5) **VIOLATION OF CLRA SECTION 1770(a)(14)**<br>(6) **VIOLATION OF THE CONSUMER PROTECTION STATUTES OF CERTAIN STATES**<br>(7) **VIOLATION OF DUTY OF GOOD FAITH AND FAIR DEALING**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Kevin Johnson ("Plaintiff"), on behalf of himself and all others similarly situated, hereby submits his Complaint for damages against Defendant WALMART INC. ("Defendant") as follows:

## I.    INTRODUCTION AND GENERAL FACTUAL ALLEGATIONS

1. Plaintiff brings this action against Defendant on behalf of himself, and all other United States residents that purchased lifetime tire balance and rotation services from Defendant.

2. Defendant provides auto and tire maintenance services at their 2,500-plus Auto Care Centers across the nation.

3. In July 2018, Plaintiff purchased lifetime tire balance and rotation services offered by Defendant. The purchased "lifetime" balancing and rotation policy promised tire rotation and balance services every 7,500 miles for the life of the qualified tires.

4. Seeking to utilize the lifetime tire rotation and balancing services he purchased, Plaintiff attempted to have his tires rotated and balanced at Defendant's Auto Care Centers. Instead, Defendant's Auto Care Centers were voluntarily shuttered, and he was refused service at multiple store locations.

5. Based on information and belief, Defendant chose to shut down its Auto Care Centers across the nation in or around March 2020, and has failed to perform the promised services included in the lifetime tire balancing and rotation policy.

6. When purchasing the lifetime tire balancing and rotation policy, Plaintiff relied on Defendant's misrepresentation that the lifetime tire policy would continue through the life of the qualified tires. By virtue of its failure and/or refusal to perform under the terms of the policy, Defendant's representations were false and misleading.

7. Defendant's failure to perform under the terms of the purchased policy, and its false representations, marketing and advertising to that effect, constitute violations of state law. Plaintiff therefore brings claims for breach of contract, California's Consumers Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*, hereinafter "CLRA"), similar state laws of all other states, and violation of the duty of good faith and fair dealing.

Accordingly, Plaintiff, on behalf of himself and those similarly situated, seeks all relief to which they are entitled, including equitable relief, a refund of all moneys Defendant acquired by means of its unlawful conduct, statutory damages, actual damages, treble damages, punitive damages, reasonable attorneys' fees, filing fees, and reasonable costs.

## II.     JURISDICTION

8.     This Court has jurisdiction over all causes of action herein pursuant to 28 U.S.C. § 1332(d)(2). Walmart, Inc. is incorporated in Delaware and its principal place of business is located in Bentonville, Arkansas. Plaintiff is a resident of California. This suit is brought as a class action, the matter in controversy exceeds $5,000,000, and members of the purported class of plaintiffs are from a different state than Defendant.

## III.    VENUE

9.     Venue in this District is proper pursuant to 28. U.S.C. § 1391(a) because many of the wrongful acts, events, and transactions that form the basis of this complaint took place within the district. The named plaintiff resides in this District, and Defendant refused to provide purchased services in this District.

## IV.     PARTIES

### Plaintiff

10.    Plaintiff Kevin Johnson is a current resident and citizen of California. In July 2018, Plaintiff purchased the lifetime tire balance and rotation policy from Defendant.

### Defendant

11.    Plaintiff is informed and believes and thereon allege that Defendant WALMART INC. is a Delaware Corporation authorized to and doing business in California, within this judicial district. Defendant operates more than 5,000 retail stores and more than 2,500 Auto Care Centers across the United States.

## V.      CLASS ACTION ALLEGATIONS

12.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

13.    Plaintiff brings this action on behalf of himself and all others similarly

situated as a class action pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure.

14. **Nationwide Class:**

> All United States residents who purchased lifetime tire balance and rotation services from Defendant.

15. Plaintiffs also seeks to represent the following subclass:

**California Subclass:**

> All California residents who purchased lifetime tire balance and rotation services from Defendant.

16. The Nationwide Class and the California Subclass are collectively referred to as the "Class."

17. Plaintiffs reserve the right to amend or modify the class and subclass descriptions with greater specificity or further division into subclasses or limitation to particular issues as appropriate.

18. Plaintiff, as the Class Representative, is a member of the class and subclass that he seeks to represent.

19. **Numerosity:** The potential members of the Class as defined are so numerous that a joinder of all Represented Employees is impracticable. Although the exact number is currently unknown to Plaintiff, this information Plaintiff is informed and believes the Class consists of at least hundreds, if not thousands of consumers, and the disposition of Plaintiff's and the other Class members' claims in a class action will provide substantial benefits to the parties and the Court, as they will promote the orderly and expeditious administration and adjudication of the Class members' claims, foster economics of time, effort, and resources, and ensure uniformity of decisions.  Furthermore, the Class is ascertainable because it consists of a definable class of individuals who purchased and own the lifetime tire balance and rotation services policy, the identities and addresses of whom can be ascertained readily from business records maintained by Defendant. And, there is a well-defined community of interest in the questions of law or fact alleged

because each Class member was similarly harmed by Defendant's uniform refusal to provide tire balance and rotation services.

20. **Commonality:** This case arises from Defendant's uniform refusal to honor the lifetime tire balancing and rotation services it sold to consumers across the nation. Defendant's conduct and shuttering of its tire services has affected all affected consumers of the Class similarly. Thus, the central questions of fact and law in this case are common to the Class as a whole under Rule 23(a)(2), and the requested relief will depend on questions of law that apply in the same manner to each member of the Class. The common questions of law or fact include, but are not limited to, the following:

    i. Whether Defendant breached its lifetime tire balancing and rotation policy when it chose to shutter its Auto Care Centers nationwide in or around March 2020;

    ii. Whether Defendant breached its lifetime tire balancing and rotation policy by refusing to provide any tire services nationwide since on or around March 2020;

    iii. Whether Defendant broke its promise to Class members to provide tire balancing and rotation services every 7,500 miles for the life of qualified tires;

    iv. Whether Defendant breached obligations of good faith and fair dealing owed to Plaintiffs and members of the California Subclass;

    v. Whether Defendant violated the California Consumer Legal Remedies Act Section 1770, *et seq.*; and

    vi. Whether Defendant violated the consumer protection laws of all other states in which it sold the lifetime tire balancing and rotation policy.

21. **Typicality:** The claims asserted by Plaintiff is typical of the Class because Plaintiff purchased and owns the lifetime tire balancing and rotation policy that Defendant has refused to honor by uniformly failing to perform. Thus, each Class member was wronged by the same offending conduct and non-performance, and proof of Plaintiff's claims will similarly prove the claims of absent members of the Class.

22. **Adequacy of Representation:** Plaintiffs will fairly and adequately protect

the interests of the Class because his claims are common to the Class, and proof of those claims will prove the claims of absent Class members. Plaintiff's interests are in harmony with, not adverse to, the interests of the other Class members. Plaintiff intends to pursue this litigation vigorously, and his counsel are competent and experienced in complex civil litigation, including class actions.

23. **<u>Superiority of Class Action</u>:** Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over individual questions and a class action is a superior vehicle for the fair and efficient adjudication of Defendant's conduct. Individual joinder of all Represented Employees is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. This action predominately concerns Defendant's actions, namely Defendant's unilateral and uniform decision to cease services properly purchased by Plaintiff and the Class. Defendant's conduct toward Plaintiff and each Class member was the same in this regard. Each Represented Employee has been damaged and is entitled to recovery by reason of Defendant's breach of its policy as set forth above. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

24. The nature of this action and the format of laws available to Plaintiffs and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendant would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each Class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

25. The prosecution of separate actions by the individual Class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class members against the Defendant and which would establish potentially incompatible standards of conduct for the Defendant, and/or (b) adjudications with respect to individual Class members which would, as a practical matter, be dispositive of the interest of the other Class members not parties to the adjudications or which would substantially impair or impede the ability of the Class members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

26. Proof of a common business practice or factual pattern, which the named Plaintiffs experienced and is representative of, will establish the right of each Class member to recovery on the causes of action alleged herein.

27. The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendant. This action is brought for the benefit of the entirety of the Class and will result in the creation of a common fund.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT
**(On behalf of the Class against Defendant)**

28. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

29. Plaintiff and members of the Class entered into a contract with Defendant when they purchased Defendant's lifetime tire balancing and rotation service policy.

30. Defendant owed duties and obligations to Plaintiff and members of the Class under the policy, including the duty to provide the promised tire balancing and rotation services for the lifetime of qualified tires.

31. Defendant materially breached the terms and provisions of the policy by failing to provide the promised services to consumers of the lifetime tire rebalancing and

rotation policy.

32. As a direct and proximate result of Defendant's nonperformance, Plaintiff and the Class members have been damaged in an amount to be determined at trial. Plaintiff's and the Class members' damages include, but are not limited to: amounts paid to Defendant for the promised services, the loss of the value in their tires, and damages suffered from purchasing replacement tires or tire services elsewhere.

33. Wherefore, Plaintiff demands relief in accordance with the Prayer for Relief set forth below, which is incorporated herein by this reference.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF CLRA SECTION 1770(a)(5)
### (On behalf of the California Subclass Against Defendant)

34. Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

35. Under section 1770(a)(5) of the CLRA, it is unlawful to represent that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have.

36. As set forth above, Defendant represented to Plaintiff and members of the California Subclass who purchased the lifetime tire balancing and rotation policy that Defendant would rotate and balance tires for every 7,500 miles for the life of the tires.

37. Defendant publicly made these representations on its website, and uniformly to Plaintiff and the members of the California Subclass, who then reasonably relied on those representations when they purchased the lifetime tire balancing and rotation policy.

38. Defendant's representations were untrue. In fact, on information and belief, Defendant has failed to provide tire balancing and rotation services across the nation since at least March 2020.

39. To their detriment, Plaintiff and members of the California Subclass relied upon Defendant's misrepresentations and advertisements regarding the services offered,

8
CLASS ACTION COMPLAINT

1  and Defendant's false statements were the immediate cause of Plaintiff's purchase of the
2  lifetime tire balancing and rotation policy.

3        40.    Accordingly, Plaintiff and other California Subclass members have suffered
4  injury in fact and have lost money, value, or property as a result of Defendant's untrue
5  representations.

6        41.    Based on the foregoing facts, Defendant's practices violated section
7  1770(a)(5) of the CLRA, and Plaintiffs and the other California Subclass members are
8  entitled to an order enjoining the above-described wrongful acts and practices pursuant to
9  section 1780(a)(2) of the CLRA. In addition, Plaintiff and the other California Subclass
10 members are entitled to the payment of costs and attorneys' fees and any other relief
11 deemed appropriate by the Court under section 1780(d) of the CLRA and section 1021.5
12 of California's Civil Procedure Code.

13       42.    In compliance with the provisions of section 1782 of the CLRA, and in
14 conjunction with the filing of this action, while the Complaint is an appropriate notice of
15 violation, Plaintiff and the California Subclass members will notify Defendant in writing
16 of their particular violations of the CLRA, and demand that Defendant rectify the actions
17 described therein and give notice to all affected consumers of its intent to do so. Plaintiffs
18 and the California Subclass members will send this notice to Defendant by certified mail,
19 return receipt requested, at the address of Defendant's authorized agent or principal place
20 of business in the State of California.

21       43.    If Defendant fails, within thirty (30) days after receipt of the section 1782
22 notice and demand, to adequately respond to Plaintiff's and the California Subclass
23 members demand to rectify the wrongful conduct described above with respect to all Class
24 members, Plaintiffs and the California Subclass members reserve their right to amend the
25 Complaint to seek: (1) actual and punitive damages for violations of the CLRA as
26 provided for under sections 1780(a) and 1782(d) of the CLRA; and (2) payment of
27 restitution to Plaintiff and the other California Subclass members pursuant to section
28 1780(a)(3).

# THIRD CLAIM FOR RELIEF
## VIOLATION OF CLRA SECTION 1770(a)(9)
**(On behalf of the California Subclass Against Defendant)**

44. Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

45. Under section 1770(a)(9) of the CLRA, it is unlawful to advertise goods or services with intent not to sell them as advertised.

46. As set forth above, Defendant represented to Plaintiff and members of the California Subclass who purchased the lifetime tire balancing and rotation policy that Defendant would rotate and balance tires for every 7,500 miles for the life of the tires.

47. Defendant publicly made these representations on its website, and uniformly to Plaintiff and the members of the California Subclass, who then reasonably relied on those representations when they purchased the lifetime tire balancing and rotation policy.

48. Defendant's representations were untrue. In fact, on information and belief, Defendant has failed to provide tire balancing and rotation services across the nation since at least March 2020.

49. To their detriment, Plaintiff and members of the California Subclass relied upon Defendant's misrepresentations and advertisements regarding the services offered, and Defendant's false statements were the immediate cause of Plaintiff's purchase of the lifetime tire balancing and rotation policy.

50. Accordingly, Plaintiff and other California Subclass members have suffered injury in fact and have lost money, value, or property as a result of Defendant's untrue representations.

51. Based on the foregoing facts, Defendant's practices violated section 1770(a)(9) of the CLRA, and Plaintiffs and the other California Subclass members are entitled to an order enjoining the above-described wrongful acts and practices pursuant to section 1780(a)(2) of the CLRA. In addition, Plaintiff and the other California Subclass members are entitled to the payment of costs and attorneys' fees and any other relief

deemed appropriate by the Court under section 1780(d) of the CLRA and section 1021.5 of California's Civil Procedure Code.

52. In compliance with the provisions of section 1782 of the CLRA, and in conjunction with the filing of this action, while the Complaint is an appropriate notice of violation, Plaintiff and the California Subclass members will notify Defendant in writing of their particular violations of the CLRA, and demand that Defendant rectify the actions described therein and give notice to all affected consumers of its intent to do so. Plaintiffs and the California Subclass members will send this notice to Defendant by certified mail, return receipt requested, at the address of Defendant's authorized agent or principal place of business in the State of California.

53. If Defendant fails, within thirty (30) days after receipt of the section 1782 notice and demand, to adequately respond to Plaintiff's and the California Subclass members demand to rectify the wrongful conduct described above with respect to all Class members, Plaintiffs and the California Subclass members reserve their right to amend the Complaint to seek: (1) actual and punitive damages for violations of the CLRA as provided for under sections 1780(a) and 1782(d) of the CLRA; and (2) payment of restitution to Plaintiff and the other California Subclass members pursuant to section 1780(a)(3).

### FOURTH CLAIM FOR RELIEF
### VIOLATION OF CLRA SECTION 1770(a)(10)
### (On behalf of the California Subclass Against Defendant)

54. Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

55. Under section 1770(a)(10) of the CLRA, it is unlawful to advertise goods or services with intent not to supply reasonably expectable demand, unless the advertisement discloses a limitation of quantity.

56. As set forth above, Defendant represented to Plaintiff and members of the California Subclass who purchased the lifetime tire balancing and rotation policy that Defendant would rotate and balance tires for every 7,500 miles for the life of the tires.

57. Defendant publicly made these representations on its website, and uniformly to Plaintiff and the members of the California Subclass, who then reasonably relied on those representations when they purchased the lifetime tire balancing and rotation policy.

58. Defendant's representations were untrue. In fact, on information and belief, Defendant has failed to provide tire balancing and rotation services across the nation since at least March 2020.

59. To their detriment, Plaintiff and members of the California Subclass relied upon Defendant's misrepresentation regarding the rights to services supposedly offered, and Defendant's false statements were the immediate cause of Plaintiff's purchase of the lifetime tire balancing and rotation policy.

60. Accordingly, Plaintiff and other California Subclass members have suffered injury in fact and have lost money, value, or property as a result of Defendant's untrue representations.

61. Based on the foregoing facts, Defendant's practices violated section 1770(a)(10) of the CLRA, and Plaintiffs and the other California Subclass members are entitled to an order enjoining the above-described wrongful acts and practices pursuant to section 1780(a)(2) of the CLRA. In addition, Plaintiff and the other California Subclass members are entitled to the payment of costs and attorneys' fees and any other relief deemed appropriate by the Court under section 1780(d) of the CLRA and section 1021.5 of California's Civil Procedure Code.

62. In compliance with the provisions of section 1782 of the CLRA, and in conjunction with the filing of this action, while the Complaint is an appropriate notice of violation, Plaintiff and the California Subclass members will notify Defendant in writing of their particular violations of the CLRA, and demand that Defendant rectify the actions described therein and give notice to all affected consumers of its intent to do so. Plaintiffs and the California Subclass members will send this notice to Defendant by certified mail, return receipt requested, at the address of Defendant's authorized agent or principal place of business in the State of California.

63. If Defendant fails, within thirty (30) days after receipt of the section 1782 notice and demand, to adequately respond to Plaintiff's and the California Subclass members demand to rectify the wrongful conduct described above with respect to all Class members, Plaintiffs and the California Subclass members reserve their right to amend the Complaint to seek: (1) actual and punitive damages for violations of the CLRA as provided for under sections 1780(a) and 1782(d) of the CLRA; and (2) payment of restitution to Plaintiff and the other California Subclass members pursuant to section 1780(a)(3).

### FIFTH CLAIM FOR RELIEF
### VIOLATION OF CLRA SECTION 1770(a)(14)
**(On behalf of the California Subclass Against Defendant)**

64. Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

65. Under section 1770(a)(14) of the CLRA, it is unlawful to represent that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law.

66. As set forth above, Defendant represented to Plaintiff and members of the California Subclass who purchased the lifetime tire balancing and rotation policy that Defendant would rotate and balance tires for every 7,500 miles for the life of the tires.

67. Defendant publicly made these representations on its website, and uniformly to Plaintiff and the members of the California Subclass, who then reasonably relied on those representations when they purchased the lifetime tire balancing and rotation policy.

68. Defendant's representations were untrue. In fact, on information and belief, Defendant has failed to provide tire balancing and rotation services across the nation since at least March 2020.

69. To their detriment, Plaintiff and members of the California Subclass relied upon Defendant's misrepresentation regarding the rights to services supposedly offered, and Defendant's false statements were the immediate cause of Plaintiff's purchase of the lifetime tire balancing and rotation policy.

70. Accordingly, Plaintiff and other California Subclass members have suffered injury in fact and have lost money, value, or property as a result of Defendant's untrue representations.

71. Based on the foregoing facts, Defendant's practices violated section 1770(a)(14) of the CLRA, and Plaintiffs and the other California Subclass members are entitled to an order enjoining the above-described wrongful acts and practices pursuant to section 1780(a)(2) of the CLRA. In addition, Plaintiff and the other California Subclass members are entitled to the payment of costs and attorneys' fees and any other relief deemed appropriate by the Court under section 1780(d) of the CLRA and section 1021.5 of California's Civil Procedure Code.

72. In compliance with the provisions of section 1782 of the CLRA, and in conjunction with the filing of this action, while the Complaint is an appropriate notice of violation, Plaintiff and the California Subclass members will notify Defendant in writing of their particular violations of the CLRA, and demand that Defendant rectify the actions described therein and give notice to all affected consumers of its intent to do so. Plaintiffs and the California Subclass members will send this notice to Defendant by certified mail, return receipt requested, at the address of Defendant's authorized agent or principal place of business in the State of California.

73. If Defendant fails, within thirty (30) days after receipt of the section 1782 notice and demand, to adequately respond to Plaintiff's and the California Subclass members demand to rectify the wrongful conduct described above with respect to all Class members, Plaintiffs and the California Subclass members reserve their right to amend the Complaint to seek: (1) actual and punitive damages for violations of the CLRA as provided for under sections 1780(a) and 1782(d) of the CLRA; and (2) payment of restitution to Plaintiff and the other California Subclass members pursuant to section 1780(a)(3).

## SIXTH CLAIM FOR RELIEF
### VIOLATION OF THE CONSUMER PROTECTION STATUTES OF CERTAIN STATES
**(On behalf of the Class against Defendant)**

74. Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

75. As set forth above, Defendant represented to Plaintiff and members of the California Subclass who purchased the lifetime tire balancing and rotation policy that Defendant would rotate and balance tires for every 7,500 miles for the life of the tires.

76. Defendant publicly made these representations on its website, and uniformly to Plaintiff and the members of the Class, who then reasonably relied on those representations when they purchased the lifetime tire balancing and rotation policy.

77. Defendant's representations were untrue. In fact, on information and belief, Defendant has failed to provide tire balancing and rotation services across the nation since at least March 2020.

78. Accordingly, Plaintiff and other Class members have suffered injury in fact and have lost money, value, or property as a result of Defendant's untrue representations.

79. Defendant's actions as described above constitute unfair competition or trade or unfair, unconscionable, deceptive, or fraudulent acts or practices in violation of the consumer protection and unfair trade practices laws of each of the states in which Defendant sold the lifetime tire balancing and rotation policy. These states have adopted statutes that contain substantially the same or similar statutory provisions and schemes to prohibit deceptive and unfair practices and to protect consumers, and to allow private rights of action under such statutes.

80. Plaintiff and the other Class members have suffered damages and/or are entitled to the statutory remedies made available by the comparable consumer protection and unfair trade practices laws of each state in which Defendant sold the lifetime tire balancing and rotation policy. Plaintiff also is entitled to injunctive and equitable relief, punitive damages, and other penalties as provided by those laws.

81.     Wherefore, Plaintiff demands relief in accordance with the Prayer for Relief set forth below, which is incorporated herein by this reference.

**SEVENTH CLAIM FOR RELIEF**
**VIOLATION OF DUTY OF GOOD FAITH AND FAIR DEALING**
**(On behalf of the California Subclass Against Defendant)**

82.     Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

83.     Plaintiffs and members of the California Subclass purchased the tire balancing and rotation policies in the reasonable expectation that the policy and plan would, in fact, provide tire rotation and balancing services for every 7,500 miles for the life of the qualified tires.

84.     Plaintiffs and members of the California Subclass also purchased their policies with the reasonable expectation that Defendant would deal with them fairly, equitably, in good faith, and in full conformity with the expressed and implied terms of the policy/plan. This expectation was brought about and intended by Defendant as a result of the language of the policy, and the express representations by the respective employees, agents, and representatives of Defendant.

85.     Defendant has materially breached their duty of good faith and fair dealing owed to Plaintiff and members of the California Subclass by altogether failing to provide the promised tire balancing and rotation services across the nation since at least March 2020.

86.     As a direct and proximate result of Defendant's conduct, Plaintiff and the California Subclass have been damaged in an amount to be determined at trial. Plaintiff and the California Subclass' damages include, but are not limited to, amounts paid to Defendant for the promised services, the loss of the value in their tires, and damages suffered from purchasing replacement tires or tire services elsewhere.

87.     Wherefore, Plaintiff demands relief in accordance with the Prayer for Relief set forth below, which is incorporated herein by this reference.

## VI. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and all others similarly situated, respectfully request that this Court:

1. Certify the Class as defined in this Complaint;
2. Certify the Subclass as defined in this Complaint
3. Order Defendant to notify each and every member of the Class and Subclass of the pendency of the claims in this action in order to give such persons an opportunity to seek relief;
4. Enjoin Defendant from engaging in conduct that violates its advertised lifetime tire balancing and rotation policy and the California Legal Remedies Act;
5. Enter a judgment in favor of Plaintiff and the Class on all Counts;
6. Award compensatory damages to Plaintiffs and the Class;
7. Award Plaintiffs and the Class actual damages under applicable law;
8. Award Plaintiffs and the Class a refund of all money Defendant acquired by means of its unlawful conduct;
9. Award Plaintiffs and the Class treble damages under applicable law;
10. Award Plaintiffs and the Class restitution and/or rescission;
11. Award Plaintiffs and the Class punitive damages under applicable law;
12. Create a common fund comprised of all damages to Class members;
13. Award Class counsel attorneys' fees pursuant to applicable law and the Common Fund Doctrine;
14. Award Plaintiffs and the Class interest as prescribed by law;
15. Award Plaintiffs and the Class the costs of this suit; and
16. Award Plaintiffs and the Class such other relief as this Court may deem to be just, proper, and equitable.

## **DEMAND FOR JURY TRIAL**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, hereby demands a jury trial as to the Causes of Action pled herein.

Dated: September 23, 2020

**YOON LAW, APC**

/s/ Kenneth H. Yoon
Kenneth H. Yoon
Stephanie E. Yasuda
Brian G. Lee
Attorneys for Plaintiff