UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JOHNSON, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br>v.<br><br>WALMART INC.,<br><br>Defendant. | Case No.: 1:20-cv-01360-DAD-JLT<br><br>[~~PROPOSED~~] ORDER GRANTING DEFENDANT'S FIRST APPLICATION FOR EXTENSION OF TIME TO RESPOND TO THE FIRST AMENDED COMPLAINT AND FOR LEAVE TO AMEND BRIEFING SCHEDULE<br><br>**(Doc. 12)** |

    The defendant moves the Court for a 19-day extension of time to respond to the First Amended Complaint. (Doc. 12) The defendant cites the need to review the complaint and to meet and confer with opposing counsel related to an anticipated motion to dismiss, in hopes of resolving the issues without need for a formal motion. Id. at 2.

    The plaintiff opposes the request unless the scheduling conference goes forward as currently set on December 18, 2020. (Doc. 13) The plaintiff offers no explanation for this position. He offers no argument that requiring the Court to expend extremely limited judicial resources in managing the case while the motion to dismiss is pending—and a decision on a motion like this can take months to issue[1]--all the while expending other judicial resources to determine whether the case will proceed beyond the

---

[1] Presumably counsel is aware that this Court is in a state of judicial crisis. The formal declaration of this crisis is months old, though the actual crisis has existed for years.

pleading stage. He fails to demonstrate any prejudice to him that the 19-day extension would impose and seems to ignore that it was his decision to amend his complaint that gave rise to the delay now at issue.[2]  Thus, the Court **ORDERS**:

    1.    The plaintiff's objection (Doc. 13) to the extension request is **OVERRULED**;

    2.    The defendant's request for the extension of time (Doc. 12) is GRANTED IN PART.

The responsive pleading SHALL be filed no later than December 8, 2020.  The Court declines to set a briefing on a motion that has not been filed and, in fact, as to which there is no certainty will be filed. If a motion to dismiss is filed, the normal rules related to opposing and replying to the opposition remain in place.[3]

IT IS SO ORDERED.

Dated:   **November 17, 2020**                              **/s/ Jennifer L. Thurston**
                                                                           UNITED STATES MAGISTRATE JUDGE

---

[2] Because the plaintiff refused to stipulate to the extension, the Court was required to address his unsupported objections despite the significant number of other cases also needing urgent attention.  In future, counsel SHALL extend courtesy to their opponent unless doing so would prejudice the client.

[3] Moreover, because the plaintiff is concerned about delay, the proposed briefing scheduling, which inflates the normal time periods, is inconsistent with this concern.

2