KENNETH H. YOON (State Bar No. 198443)
kyoon@yoonlaw.com
STEPHANIE E. YASUDA (State Bar No. 265480)
syasuda@yoonlaw.com
BRIAN G. LEE (State Bar No. 300990)
blee@yoonlaw.com
**YOON LAW, APC**
One Wilshire Blvd., Suite 2200
Los Angeles, California 90017
Telephone: (213) 612-0988
Facsimile: (213) 947-1211

Attorneys for Plaintiff Kevin Johnson

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

KEVIN JOHNSON, individually and on behalf of all others similarly situated;

Plaintiff,

vs.

WALMART INC.,

Defendant.

Case No.: 1:20-cv-01360-DAD-JLT

**<u>CLASS ACTION</u>**

**SECOND AMENDED COMPLAINT FOR:**

**(1) BREACH OF CONTRACT**
**(2) VIOLATION OF DUTY OF GOOD FAITH AND FAIR DEALING**

**DEMAND FOR JURY TRIAL**

Plaintiff Kevin Johnson ("Plaintiff"), on behalf of himself and all others similarly situated, hereby submits his Second Amended Complaint against Defendant WALMART INC. ("Defendant") as follows:

## I. INTRODUCTION AND GENERAL FACTUAL ALLEGATIONS

1. Plaintiff brings this action against Defendant on behalf of himself, and all other United States residents that purchased lifetime tire balance and rotation services from Defendant.

2. Defendant Walmart Inc. is a corporation incorporated under the laws of Delaware, with its principal place of business in Arkansas. In addition to its retail stores, Defendant provides auto and tire maintenance services at their 2,500-plus Auto Care Centers across the nation.

3. One of the services Defendant offers at its Auto Care Centers is a "lifetime" balance and rotation tire service, in which Defendant provides tire rotation and balancing services every 7,500 miles for the life of qualified tires from the original purchase date.

4. In July 2018, Plaintiff purchased tires from Defendant's website and had them shipped to, and installed at, one of Defendant's Auto Care Centers, which is, to the best of his knowledge, located at 1202 E Broadway St., Cuero, Texas. During the installation of the tires, Plaintiff was offered Defendant's lifetime tire balance and rotation service, which he purchased at a separate additional cost.

5. Under the purchased lifetime tire balancing and rotation policy, Plaintiff received balancing and rotation services through 2019. In or around April 2020, seeking to again utilize the lifetime tire rotation and balancing services he purchased, Plaintiff visited Defendant's Auto Care Center located at 9002 N Navarro St, Victoria, Texas. This time, however, Plaintiff was refused service, and was informed that the Auto Care Centers were not performing those services.

6. Having been denied service once, Plaintiff decided to seek service at another of Defendant's Auto Care Centers. In or around July 2020, Plaintiff attempted to have his car tires serviced at Defendant's Auto Care Center located at 1114 E. Sarah Dewitt Drive,

Gonzales, Texas. Again, Plaintiff was refused service, and was again informed the Auto Care Centers were not performing the purchased services.

7. Despite being denied service twice, Plaintiff continued to visit Defendant's Auto Care Centers in hopes of utilizing the "lifetime" policy he had purchased. In August 2020, Plaintiff attempted to have his tires balanced and rotated at Defendant's Auto Care Center in Arizona, which to the best of his knowledge, is located at 8280 N Cortaro Road, Marana, Arizona. Once again, Plaintiff was refused service. Finally, in or around early September 2020, Plaintiff tried one more time to have his tires serviced at Defendant's Auto Care Center located at 5075 Gosford Road, Bakersfield, California. Again, for the fourth time, Plaintiff was denied service.

8. Based on information and belief, Defendant chose to voluntarily cease specific operations at its Auto Care Centers across the nation in or around March 2020, and has failed to perform the promised services included in its lifetime tire balancing and rotation policy.

9. When purchasing the lifetime tire balancing and rotation policy, Plaintiff relied on Defendant's misrepresentation that the lifetime tire policy would continue through the life of the qualified tires. By virtue of its failure and/or refusal to perform under the terms of the policy, Defendant breached its contract with Plaintiff and all other affected consumers of the lifetime balance and rotation tire policy.

10. Accordingly, Plaintiff, on behalf of himself and those similarly situated, seeks all relief to which they are entitled, including equitable relief, a refund of all moneys Defendant acquired by means of its unlawful conduct, statutory damages, actual damages, reasonable attorneys' fees, filing fees, and reasonable costs.

## II. JURISDICTION

11. This Court has jurisdiction over all causes of action herein pursuant to 28 U.S.C. § 1332(d)(2). Walmart, Inc. is incorporated in Delaware and its principal place of business is located in Bentonville, Arkansas. Plaintiff is a resident of California. This suit is brought as a class action, the matter in controversy exceeds $5,000,000, and members

of the purported class of plaintiffs are from a different state than Defendant.

## III. VENUE

12. Venue in this District is proper pursuant to 28. U.S.C. § 1391(a) because many of the wrongful acts, events, and transactions that form the basis of this complaint took place within the district. The named plaintiff resides in this District, and Defendant refused to provide purchased services in this District.

## IV. PARTIES

### Plaintiff

13. Plaintiff Kevin Johnson is a current resident and citizen of California. In July 2018, Plaintiff purchased the lifetime tire balance and rotation policy from Defendant.

### Defendant

14. Plaintiff is informed and believes and thereon allege that Defendant WALMART INC. is a Delaware Corporation authorized to and doing business in California, within this judicial district. Defendant operates more than 5,000 retail stores and more than 2,500 Auto Care Centers across the United States.

## V. CLASS ACTION ALLEGATIONS

15. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

16. Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure.

17. **Nationwide Class:**

> All United States residents who purchased lifetime tire balance and rotation services from Defendant.

18. Plaintiff also seeks to represent the following subclass:

**California Subclass:**

> All California residents who purchased lifetime tire balance and rotation services from Defendant.

19. The Nationwide Class and the California Subclass are collectively referred to as the "Class."

20. Plaintiff reserves the right to amend or modify the class and subclass descriptions with greater specificity or further division into subclasses or limitation to particular issues as appropriate.

21. Plaintiff, as the Class Representative, is a member of the class and subclass that he seeks to represent.

22. **Numerosity:** The potential members of the Class as defined are so numerous that a joinder of all Represented Employees is impracticable. Although the exact number is currently unknown to Plaintiff, this information Plaintiff is informed and believes the Class consists of at least hundreds, if not thousands of consumers, and the disposition of Plaintiff's and the other Class members' claims in a class action will provide substantial benefits to the parties and the Court, as they will promote the orderly and expeditious administration and adjudication of the Class members' claims, foster economics of time, effort, and resources, and ensure uniformity of decisions. Furthermore, the Class is ascertainable because it consists of a definable class of individuals who purchased and own the lifetime tire balance and rotation services policy, the identities and addresses of whom can be ascertained readily from business records maintained by Defendant. And, there is a well-defined community of interest in the questions of law or fact alleged because each Class member was similarly harmed by Defendant's uniform refusal to provide tire balance and rotation services.

23. **Commonality:** This case arises from Defendant's uniform refusal to honor the lifetime tire balancing and rotation services it sold to consumers across the nation. Defendant's conduct and shuttering of its tire services has affected all affected consumers of the Class similarly. Thus, the central questions of fact and law in this case are common to the Class as a whole under Rule 23(a)(2), and the requested relief will depend on questions of law that apply in the same manner to each member of the Class. The common questions of law or fact include, but are not limited to, the following:

i. Whether Defendant entered into a contract with Plaintiff and the other members of the Class when Plaintiff and Class members purchased the lifetime tire balancing and rotation policy offered by Defendant;

ii. Whether Defendant breached its lifetime tire balancing and rotation policy when it chose to shutter or cease specific operations at its Auto Care Centers nationwide in or around March 2020;

iii. Whether Defendant breached its lifetime tire balancing and rotation policy by refusing to provide any tire services nationwide since on or around March 2020;

iv. Whether Defendant broke its promise to Class members to provide tire balancing and rotation services every 7,500 miles for the life of qualified tires;

v. Whether Defendant breached obligations of good faith and fair dealing owed to Plaintiff and members of the California Subclass;

vi. Whether as a result of Defendant's misconduct as alleged herein, Plaintiff and the Class are entitled to equitable relief, damages, restitution, and/or other remedies, and if so, the amount and nature of such relief.

24. **Typicality:** The claims asserted by Plaintiff is typical of the Class because Plaintiff purchased and owns the lifetime tire balancing and rotation policy that Defendant has refused to honor by uniformly failing to perform. Thus, each Class member was wronged by the same offending conduct and non-performance, and proof of Plaintiff's claims will similarly prove the claims of absent members of the Class.

25. **Adequacy of Representation:** Plaintiff will fairly and adequately protect the interests of the Class because his claims are common to the Class, and proof of those claims will prove the claims of absent Class members. Plaintiff's interests are in harmony with, not adverse to, the interests of the other Class members. Plaintiff intends to pursue this litigation vigorously, and his counsel are competent and experienced in complex civil litigation, including class actions.

26. **Class Certification is Appropriate Under Rule 23(b)(2)**: This action is appropriate as a class action pursuant to Rule 23(b)(2). Plaintiff seeks equitable relief

including injunctive relief and corresponding declaratory and incidental monetary relief for the Class. Defendant acted in a manner generally applicable to the entire Class by:

i. refusing to render services promised under its lifetime tire balancing and rotation policy beginning in or around March 2020; and

ii. choosing to shutter, or cease specific operations at, its Auto Care Centers nationwide beginning in or around March 2020.

Defendant's refusal to honor the terms of the service agreement entered into with Plaintiff and other members of the Class, if not enjoined, will cause continuing and further injury to Class members seeking tire services. Although Class members have already sustained damages in the form of amounts paid to Defendant for the promised services, the loss of the value in their tires, and damages suffered from purchasing replacement tires or tire services elsewhere, the adverse impact of Defendant's unlawful repudiation of its service agreement is likely to continue unless corrective measures are implemented. Thus, injunctive and other equitable and declaratory relief are a primary goal in this litigation. Plaintiff brings this suit to obtain injunctive and declaratory relief even in the absence of available monetary remedies, and injunctive and declaratory relief are reasonably necessary and appropriate when Plaintiff prevails. Any monetary relief that may be sought on behalf of the Class to remedy Defendant's wrongful conduct flows directly from Defendant's liability to the Class as a whole, and can be uniformly determined based upon objective inputs like the price paid for the promised tire services.

27. **Class Certification is Appropriate Under Rule 23(b)(3):** Class certification is also appropriate under Rule 23(b)(3) because common questions of law and fact predominate over individual questions and a class action is a superior vehicle for the fair and efficient adjudication of Defendant's conduct. Individual joinder of all Represented Employees is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. This action predominately concerns Defendant's actions, namely Defendant's unilateral and

uniform decision to cease services properly purchased by Plaintiff and the Class. Defendant's conduct toward Plaintiff and each Class member was the same in this regard. Each Class member has been damaged and is entitled to recovery by reason of Defendant's breach of its policy as set forth above. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

28. The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each Class member were required to file an individual lawsuit, the corporate Defendant would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.

29. The prosecution of separate actions by the individual Class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class members against the Defendant and which would establish potentially incompatible standards of conduct for the Defendant, and/or (b) adjudications with respect to individual Class members which would, as a practical matter, be dispositive of the interest of the other Class members not parties to the adjudications or which would substantially impair or impede the ability of the Class members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses. Accordingly, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

30. Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is representative of, will establish the right of each Class member to recovery on the causes of action alleged herein.

31. The Class is commonly entitled to a specific fund with respect to the

compensation illegally and unfairly retained by Defendant. This action is brought for the benefit of the entirety of the Class and will result in the creation of a common fund.

**FIRST CLAIM FOR RELIEF**
**BREACH OF CONTRACT**
**(On behalf of the Class against Defendant)**

32. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

33. In its Auto Care Centers, and as advertised on its website, Defendant offers "lifetime" balance and rotation tire services for sale, in which Defendant promises to provide tire balancing and rotation services every 7,500 miles for the life of qualified tires from the original purchase date.

34. Like other members of the Class, based on the terms of the "lifetime" policy, Plaintiff purchased the lifetime tire balance and rotation service in July 2018.

35. Plaintiff and members of the Class entered into a contract with Defendant when they purchased Defendant's lifetime tire balancing and rotation service policy.

36. Pursuant to the terms of the agreement, Defendant owed duties and obligations to Plaintiff and members of the Class under the policy, including the duty to provide the promised tire balancing and rotation services for the lifetime of qualified tires.

37. Beginning in or around March 2020, Defendant breached its contract with Plaintiff and the Class when it shuttered or ceased specific operations at its Auto Care Centers across the nation, and refused to perform the promised services included in its lifetime tire balancing and rotation policy.

38. Defendant materially breached the terms and provisions of the policy by failing to provide the promised services to consumers of the lifetime tire rebalancing and rotation policy.

39. As a direct and proximate result of Defendant's nonperformance, Plaintiff and the Class members have been damaged in an amount to be determined at trial. Plaintiff's and the Class members' damages include, but are not limited to: amounts paid

to Defendant for the promised services, the loss of the value in their tires, and damages suffered from purchasing replacement tires or tire services elsewhere.

40. Wherefore, Plaintiff demands relief in accordance with the Prayer for Relief set forth below, which is incorporated herein by this reference.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF DUTY OF GOOD FAITH AND FAIR DEALING**
**(On behalf of the California Subclass Against Defendant)**

41. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

42. Plaintiff and members of the California Subclass purchased the tire balancing and rotation policies in the reasonable expectation that the policy and plan would, in fact, provide tire rotation and balancing services for every 7,500 miles for the life of the qualified tires.

43. Plaintiff and members of the California Subclass also purchased their policies with the reasonable expectation that Defendant would deal with them fairly, equitably, in good faith, and in full conformity with the expressed and implied terms of the policy/plan. This expectation was brought about and intended by Defendant as a result of the language of the policy, and the express representations by the respective employees, agents, and representatives of Defendant.

44. By purchasing the policy, Plaintiff and members of the California Subclass substantially performed their end of the sale agreement, and all conditions required for Defendant's performance under the agreement had been satisfied.

45. Defendant has materially breached their duty of good faith and fair dealing owed to Plaintiff and members of the California Subclass by altogether failing to provide the promised tire balancing and rotation services across the nation since at least March 2020.

46. Plaintiff asserts that Defendant's failure to perform under the terms of the "lifetime" policy was done under the guise of a safety protocol in response to the COVID-

19 pandemic, but was in fact a conscious business decision. Rather than shut down or limit the scope of other less essential departments or services for any extended period of time (i.e. Defendant's electronic and video game departments), Defendant chose instead to shutter and/or cease specific auto care operations.

47. Defendant's decision to stop providing automotive repair and maintenance services at its Auto Care Centers – which are considered "essential" under state and federal guidelines – was a deliberate business decision which unfairly frustrated the purpose of the "lifetime" tire policy, and was one made without regard to the harm that would flow to Plaintiff and the California Subclass. Plaintiff asserts Defendant's breach of the contract based on purely financial considerations was unreasonable and made in bad faith.

48. As a direct and proximate result of Defendant's conduct, Plaintiff and the California Subclass have been damaged in an amount to be determined at trial. Plaintiff and the California Subclass' damages include, but are not limited to, amounts paid to Defendant for the promised services, the loss of the value in their tires, and damages suffered from purchasing replacement tires or tire services elsewhere.

49. Wherefore, Plaintiff demands relief in accordance with the Prayer for Relief set forth below, which is incorporated herein by this reference.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and all others similarly situated, respectfully request that this Court:

1. Certify the Class as defined in this Complaint;
2. Certify the Subclass as defined in this Complaint
3. Order Defendant to notify each and every member of the Class and Subclass of the pendency of the claims in this action in order to give such persons an opportunity to seek relief;
4. Enjoin Defendant from engaging in conduct that violates its lifetime tire balancing and rotation policy;

5. Enter a declaratory judgment that Defendant breached its contracts with Plaintiff and members of the Class;

6. Enter a declaratory judgment that Defendant violated its duty of good faith and fair dealing to Plaintiff and members of the Class;

7. Enter a judgment in favor of Plaintiff and the Class on all Counts;

8. Award compensatory damages to Plaintiff and the Class;

9. Award Plaintiff and the Class actual damages under applicable law;

10. Award Plaintiff and the Class a refund of all money Defendant acquired by means of its unlawful conduct;

11. Award Plaintiff and the Class restitution and/or rescission;

12. Create a common fund comprised of all damages to Class members;

13. Award Class counsel attorneys' fees pursuant to applicable law and the Common Fund Doctrine;

14. Award Plaintiff and the Class interest as prescribed by law;

15. Award Plaintiff and the Class the costs of this suit; and

16. Award Plaintiff and the Class such other relief as this Court may deem to be just, proper, and equitable.

## DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, hereby demands a jury trial as to the Causes of Action pled herein.

Dated: December 11, 2020

**YOON LAW, APC**

/s/ Kenneth H. Yoon
Kenneth H. Yoon
Stephanie E. Yasuda
Brian G. Lee
Attorneys for Plaintiff